IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 116-046 |
| | ) | |
| COLUMBUS W. HAND, III | ) | |

**O R D E R**

Before the Court are the various pre-trial discovery motions filed by Defendant. Many (if not all) discovery issues should be addressed in full by the Court's rulings below and the liberal discovery policy that the government has confirmed it is applying in this case. Indeed, Defendant does not allege any specific inadequacies in the discovery provided by the government to date, and the government states that it has furnished Defendant with one DVD containing a copy of the 148-page investigative file, excepting attorney work product. (Doc. no. 20, p. 1.) All known statements by Defendant, as well as his criminal record, have also been provided. (Id. at 2.) To the extent, if any, either party believes there are specific inadequacies in the discovery exchanged to date that are not addressed below, the Court directs such party to confer in good faith with the opposing party and file, if necessary, a discovery motion and supporting brief within seven days from the date of this Order.

## **MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL**

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide a defendant with statements of witnesses immediately following their testimony in court. There is no

authority for the Court to grant an early release or disclosure of that material.  United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006); United States v. Jordan, 316 F.3d 1215, 1251 & n.78 (11th Cir. 2003); United States v. Jimenez, 613 F.2d 1373, 1378 (5th Cir. 1980).  Yet because the government does not oppose the motion and early disclosure of Jencks Act material will avoid unnecessary delay and inconvenience to the Court and jury, the Court **INSTRUCTS** the government to provide Jencks Act material fourteen days prior to trial.  (Doc. no. 12.)

## **MOTION FOR DISCLOSURE OF THE IDENTITY OF INFORMANTS**

Defendant seeks disclosure of confidential informants.  The government intends to disclose, one week prior to trial, the identity of any informant used in the case, and if any such informant is to testify at trial, the government will provide the witness-informant's criminal history and relevant materials under Giglio v. United States, 405 U.S. 150 (1972).  (Doc. no. 20, pp. 1-2.)

Where the informant was not an active participant in the criminal activity, disclosure is not required.  Roviaro v. United States, 353 U.S. 53, 61-63 (1957); United States v. Gutierrez, 931 F.2d 1482, 1490-91 (11th Cir. 1991); United States v. Parikh, 858 F.2d 688, 696 (11th Cir. 1988); United States v. Moreno, 588 F.2d 490, 494 (5th Cir. 1979).  The government must disclose the identity of any informant who played an active role in the criminal activity charged against Defendant at least fourteen days prior to trial, along with the informant's criminal history and relevant Giglio materials.  Such disclosure will ensure an adequate opportunity for Defendant to prepare for trial and obviate any need for an *in*

2

*camera* showing by the government pursuant to Fed. R. Crim. P. 16(d).  See United States v. Kerris, 748 F.2d 610, 614 (11th Cir. 1984) (re-iterating circuit precedent that *in camera* hearing not automatically required when informant identity requested); United States v. Acosta, 807 F. Supp.2d 1154, 1272-73 (N.D. Ga. 2011). Therefore, the Court **GRANTS** Defendant's request for disclosure of informants, as set forth herein.  (Doc. no. 13.)

## MOTION FOR NOTICE BY THE GOVERNMENT OF THE INTENTION TO RELY UPON OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Defendant seeks notice of the government's intention to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b).  This motion is **MOOT** (doc. no. 14) because the Court, in its Arraignment Order, directed the government to provide such notice in accordance with the Local Rules.

## MOTION FOR DISCLOSURE OF EXAMINATIONS AND TESTS

Defendant moves for disclosure of the results of any tests or examinations which are in the custody or control of the government, including tests conducted on Defendant and witnesses.  To the extent that Defendant is requesting information under Federal Rule of Criminal Procedure 16(a)(1)(F) and (G), the government will be disclosing this information through its liberal discovery policy.  Indeed, the government states that the results of any scientific tests have been provided, and if any additional tests are conducted, the results will be provided upon receipt.  (Doc. no. 20, p. 2.)  To the extent that Defendant requests information beyond Rule 16(a)(1), the Court **DENIES** the motion.  (Doc. no. 15.)

**MOTION FOR DISCLOSURE OF ELECTRONIC SURVEILLANCE**

Defendant seeks the disclosure of all electronic surveillance. Because the government represents that it is not aware of any electronic surveillance conducted in this case, (doc. no. 20, p. 2), the motion is **MOOT**. (Doc. no. 16.)

SO ORDERED this 13th day of September, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA